**William Steven LANGMADE,
Plaintiff–Appellant,**

v.

**DENVER POLICE DEPARTMENT;
Boulder Police Department; Boulder
Shelter for the Homeless; Denver
Health Hospital, Defendants–Appel-
lees.**

**No. 08–1017.**

United States Court of Appeals,
Tenth Circuit.

May 6, 2008.

William Steven Langmade, Boulder, CO,
pro se.

Before BRISCOE, MURPHY, and
HARTZ, Circuit Judges.

**ORDER AND JUDGMENT** *

MARY BECK BRISCOE, Circuit
Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously that oral argument would not ma-
terially assist in the determination of this
appeal. *See* Fed. R.App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is, therefore,
submitted without oral argument.

William Langmade appeals pro se from
the district court's order dismissing his 42
U.S.C. § 1983 civil rights action. We ex-
ercise jurisdiction pursuant to 28 U.S.C.
§ 1291 and AFFIRM.

The central allegation in Mr. Lang-
made's complaint is that he was sexually
assaulted in his sleep while staying at the
Boulder Shelter for the Homeless. He

repeatedly claims that a Denver police offi-
cer "used his position" to engineer the
assault by rendering him unconscious and
enlisting the aid and participation of other
public officials. Mr. Langmade com-
menced this civil rights action on October
30, 2007, seeking money damages and a
court ordered CAT scan and Cystoscopy.
The magistrate judge found the complaint
vague and conclusory, and directed Mr.
Langmade to file an amended complaint
that complied with the pleading require-
ments of Rule 8(a) of the Federal Rules of
Civil Procedure. He appealed this order,
which we dismissed for lack of jurisdiction.
Mr. Langmade simultaneously filed an
amended complaint in the district court.
After reviewing the complaint, the court
found:

> Mr. Langmade's vague and conclusory
> references to the individuals and entities
> he believes committed the alleged sexual
> assault do not satisfy the pleading re-
> quirements of Fed.R.Civ.P. 8(a). In ad-
> dition, he fails to allege facts demon-
> strating that each named Defendant was
> acting under color of state law. Merely
> making vague and conclusory allegations
> that his rights have been violated does
> not entitle a pro se pleader to a day in
> court, regardless of how liberally the
> court construes such pleadings
>
> . . . .
>
> The burden Mr. Langmade places upon
> Defendants and the Court to identify,
> interpret, and respond to his specific
> claims is unreasonable. In short, the
> Court is unable to determine why Mr.
> Langmade has filed this action against
> these Defendants in this Court.

Order at 5–6 (citations omitted). The
court then dismissed the complaint without
prejudice.

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It

may be cited, however, for its persuasive val-
ue consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

We review the district court's decision to dismiss Mr. Langmade's action without prejudice for failure to comply with Rule 8(a) for an abuse of discretion. *See Kuehl v. FDIC,* 8 F.3d 905, 908 (1st Cir.1993). We have reviewed the record on appeal and conclude that the district court did not abuse its discretion in dismissing this complaint. Mr. Langmade's arguments on appeal essentially repeat the same conclusory allegations dismissed by the district court, providing no further clarification or indication of their plausibility. The district court's dismissal of the complaint is therefore AFFIRMED for substantially the same reasons stated in the court's order filed January 9, 2008. Mr. Langmade's motion to proceed in forma pauperis is GRANTED.